The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit, Oyez, Oyez, Oyez. All persons have an uniform of business. For the Honorable, the Judges of the United States Court of Appeals, I must give their attention, for the Court is now sitting. God save the United States and His Honorable Court. Good morning. Welcome to this social distancing version of the 4th Circuit. We're happy to have you here this morning and look forward to hearing arguments now in the case of Taylor v. Swami. Mr. Bryant, you can start whenever you're ready. Good morning. I'm Attorney Ralph Bryant. I have the pleasure of representing Mr. Harvey Taylor out of the Eastern District of North Carolina. This is a case that's pending in court. It only involves state law claims. In fact, as far as tort claims goes, it only involves the most basic common law claim of negligence. You know, the duty, breach, causation and damages. And so we're here because the judge at the Eastern District, when she ruled on the motion for summary judgment, she ruled that my client had not proven the fourth element of damages. She said she wasn't even considering whether or not he had satisfied the duty of breach or causation. That the issue, while she dismissed the case, she felt that he had not satisfied the issue of damages. Mr. Bryant, I have a question. Does your client allege that any of his physical conditions or ailments were actually caused by the incident here? No, ma'am. He does not allege any of the physical conditions were caused by it. He has alleged an aggravation or exacerbation of those conditions. In the North Carolina law, we have the thin skull rule, peculiar susceptibility rule. So under North Carolina law, an aggravation of a pre-existing condition is compensable. Right. So, what are the, if you could outline for me, please, what the physical injuries are that you claim were exacerbated by the incident and where that is in the record? Yes, ma'am. Are you saying physical injuries or? Yeah, physical. Yes, ma'am. P-H-Y. Yeah, physical. I'm sorry. It's a little delay. The only injuries we're alleging are mental injuries. We're not alleging physical injuries. So we're alleging exacerbation of claustrophobia and exacerbation of post-traumatic stress disorder. So you're not alleging any exacerbation, for example, of his reflux disease, his GERD or anything like that? Yes, ma'am. You're right. We do allege that he had an exacerbation of his GERD, his gastric joint appendix, page 212 through 213, when they were asking, when he was asked on a deposition and they asked him, are there any conditions you contend were aggravated or exacerbated by the incident at the hotel? He says, yes. And then the attorney refers to the psychological conditions and also he says a GERD as well, which is also reflux. So that appears at joint 212 to 213. So basically, with regards to this claim, on summary judgment... Counsel, could I ask you a question related to what you started with, please? Yes, sir. It sounded like you were suggesting that the only issue is damages, but as I read the order and I'm at page, I think, 556 of the JA, it looks like the district court said was focused on damages as a proximate cause of the accident. So it seems like we have the damages and whether they were proximately caused by the accident, which is the issue before us. Do you agree with that or are we on different pages about what's before us? Well, John, I would agree with that. And I think North Carolina has a patent jury instruction about proximate cause related to exacerbation of pre-existing conditions. So, yeah, I mean, I would agree that there's an issue of whether or not a condition that exists, whether or not the exacerbation of the condition was caused by the accident. And our contention is that, based on his testimony, certainly that element was satisfied, the fact that the injuries existed. So I'm sorry to interrupt. It's a little bit harder to stop and start. So I hope I didn't keep you from answering something. And I understand that generally proximate cause is an issue of fact. But it appears that in North Carolina, on the issue of whether the testimony of your client, which you rely on, and I understand that is sufficient, or whether you need an expert, there appears to be kind of a series of cases. And the issue seems to focus on whether the injuries alleged are the type of injuries that an everyday lay person could describe, or whether they are more complex in nature. And so if you could explain why you believe these issues, aggravation of the damage you've talked about, are more like the bruise from a car door, or the child's immediate death from a car accident, compared to the neurological damages, for example, in Smith, that would be helpful to me. Yes, sir. I would start by saying that I think the line of cases you're talking about would North Carolina has a claim for the intentional infliction of emotional distress, which the court has said requires expert testimony as a causation. We also have a negligent intention of emotional distress, which I try to cite in my brief. The court has said there are times where you do not need expert testimony. And then we are the common law negligence, which is even below that. So there is no North Carolina law that requires that a person testifying that they suffered some degree of injury has to have an expert to satisfy that when they're alleging the common law claim. And if you look at this particular instance, he says, look, I panicked, I suffered, I think he said, I panicked, or I had some kind of reaction to being in there. And if you think about it, he was stuck in the elevator for 32 minutes. I've never been diagnosed with PTSD or claustrophobia, but certainly it would make sense that a person diagnosed with that, stuck in the elevator for 32 minutes, that would cause them some degree of injury, of mental anguish. And so on summary judgment, I contend to you that if that evidence is viewed in a light most favorable to the plaintiff, that's enough to get to the jury on whether or not there was possible cause with the exacerbation of the injury. That's where we are, the issue of summary judgment. So how do you, when you say there's no case that requires an expert, is Gilligan, which I think said the issue of whether a disc is ruptured requires an expert, or Smith, which says that whether the tingling and itchy sensations from a motor vehicle accident are approximately caused, are those not negligent cases? Maybe I'm wrong on those, but I thought those were negligent cases. I think this, I'm not really familiar with the Gilligan case. I'm not sure if the workers caught related case, I'm not sure. I think I'm familiar with the Smith case you referred to. You know, I don't know your honor. I would say this, you know, the cases that you cited have not been cited by the defendant in response to any of this stuff. Best I can tell, I've gotten two sentences out of the defendant related to the issue of whether or not there's possible cause, and possible cause of whether or not there's enough evidence for exacerbation of the injury. And I will submit to you the reason for that is that under North Carolina law, you get to the jury when you have testimony that you've been harmed by somebody's conduct, and when reasonable people could reach that same conclusion. So, you know, I apologize for not knowing that case right off the top of my head, the Gilligan case. No, that's okay. We got it. We can check. So, thank you. Okay. And if I may, it comes down, I know the defendant in their response, they talk a lot about the issue of negligence. The judge on the page you talked about, page 556, the judge specifically said, she said that because plaintiff failed to demonstrate a genuine issue of material fact as to injury, the court does not reach arguments raised by the parties concerning the remaining elements of negligence. So, I will submit to you that before this court is this one issue. And on that page, the judge says, plaintiff's complaint does not articulate any damages to his person or property as approximate cause of the accident, aside from damages that from allegedly aggravating his pre-existing mental and emotional health condition. I will submit to you that his allegations, that his allegations that these conditions were aggravated as supported by the evidence, that's sufficient to withstand summary judgment on a common law negligence claim. Maybe not intentional infliction of distress claim. And there could be a question if we were talking about negligent infliction of emotional distress claim. But we're talking about a common law, regular negligence claim, and it should be enough to get to the jury on that. And, yes ma'am. Just so I make sure I understand your argument, and as to the other elements aside from the injury, is it your position that there's not enough in the record for the court to have granted summary judgment with respect to those elements, and in fact the court didn't outline any reasoning with regard to those elements in the ruling? Well, I think there was enough in the record for the court to rule in our favor on summary judgment on those other issues. But I would say on appeal. So what about against you on those issues? You know, not on summary judgment. That, to me, that's the thing. I mean, I don't mind in front of them arguing in front of a jury, but on summary judgment when all the evidence is supposed to be considered in the light most favorable to the plaintiff, when he says he suffered exacerbation, he says he had to take additional medication, he says he had to go to therapy that he had never had to do before, and he relates it all to the injury in the elevator, it seems like, on summary judgment, we should be able to get there. And so that's my contention. But I would say as far as on appeal, the judge specifically said she was not reaching those other elements. So I don't think the defendant can appeal her decision on the other elements beyond saying the court should send it back and make a decision on those other elements. Right, and that was my point. That was my point. I agree with you on that much, at least at this point. Thank you. Any other questions? I see my time has run out. Any other questions? I don't think so. You have some time reserved, I believe. Yes, ma'am. So we'll hear from Mr. Pollitt. Thank you. Yes, ma'am. May it please the court, my name is Bill Pollitt of the North Carolina Bar, and I represent the defendant Apolli Srijiswami, Inc., who, for ease of our argument here and for me saying it, I'm just going to call them the hotel. Srijiswami was the owner and operator of the Holiday Inn Express in Kinston, North Carolina, at the time of the incident that the this appeal. The plaintiff originally brought three causes of action against the defendants. Negligence for failing to keep the premises in a reasonably safe condition, negligent and intentional infliction of emotional distress, and breach of the implied warranty of habitability. On appeal, the only claim that the plaintiff has argued is that the issue of negligence should have survived. An appeal on all the other issues appears to have been abandoned because those were not raised in the brief before the court. So what we have here is a common law negligence claim. Yes, ma'am. Yeah, and I have a question about common law negligence in North Carolina. For an ordinary negligence claim in North Carolina, is proof of severe emotional distress required? Your Honor, that's an interesting question. If you look at, I would refer the court to the Johnson v. Rewark OBGYN case, which is the leading case in North Carolina on negligent and infliction of emotional distress. And that's from the North Carolina Supreme Court in 1990. Before you get all, can you just answer first, yes or no? Does ordinary negligence, does proof of ordinary negligence in North Carolina require proof of severe emotional distress? Not the need claim, but ordinary negligence. Yes or no? Right. And Your Honor, that's the point that I was getting to. I'm sorry about that. Because in the Johnson case, the North Carolina Supreme Court distinguishes between a need claim where you have to have evidence of severe emotional distress. And what they say in that- And an ordinary negligence claim where you do not have to have proof of severe emotional distress, right? Right. What they say- Okay, so the answer is no. That's all I needed. The answer is no. You do not need to prove severe emotional distress for an ordinary negligence claim in North Carolina per Johnson. No, ma'am. What that case says, if you're making claims for any type of emotional injuries and they don't arise to the severe level, Johnson specifically says you may not recover damages for fright, anxiety, things of that nature that don't arise to the legal definition of severe emotional distress. So under Johnson in North Carolina, if you're making a garden variety negligence claim and your damages that you claimed are some type of emotional injuries that do not arise to severe as required for negligent infliction of emotional distress, Johnson and other cases following Johnson in North Carolina says there is no recovery for those type of injuries. Go ahead, Judge Quattlebaugh. So maybe I'm confused. I thought your position was going to be that for these types of claims, there needed to be expert testimony. It sounds like your position is that unless the plaintiff shows severe emotional distress, they cannot recover. Can you clarify your position? Because I think that's an important distinction, at least to me. Certainly, Your Honor. So if you look at Johnson and its progeny, it says for cases that are not severe for any type of emotional claim, the plaintiff has no recovery under North Carolina law. If they are claiming that they have met the definition of severe emotional distress, the cases say that you don't have to have expert testimony. It's certainly very helpful for the plaintiff, but if you look at the cases that talk about whether... I'm sorry. I'm confused. Based on your explanation, it sounds to me like you're saying, and correct me if I'm wrong, that you need proof of severe emotional distress for both a NIAID claim and an ordinary negligence claim. No, ma'am. The cases say from Johnson, if you don't have severe emotional distress, you have no recovery at all under North Carolina for emotional damages only. So what about non-emotional damages? We have claims of mental disorders here that have been reflux situations that have been exacerbated. What do you need for proximate cause for those types of injuries in North Carolina? For the emotional damages, if they do not arise to the definition of what is severe emotional distress, which under Johnson is an emotional or mental disorder that is severe and disabling, generally recognized and diagnosed by professionals trained to do so. That is the legal definition. Yes, ma'am. Sorry, just to hone in, let's think back to Judge Quattlebaum's earlier question, where there's a line of cases in North Carolina that talks about if the lay person could understand how one effect flows from a certain cause, like a bruise after a car accident or something like that, then lay testimony is sufficient. But if we're outside that realm, you might need expert testimony to establish causation. Are we understanding that line of cases correctly? Do you embrace that line of cases or what are your thoughts on that? Your Honor, the cases that look at what the plaintiff has to prove, and these are all negligent infliction of emotional distress cases, none of these are ordinary negligence? No, they're not. The ones that Judge Quattlebaum was talking about are physical. There's a disc that's been herniated and the court said the average person can't tell, so you're going to need expert testimony on that. I'm talking about those cases, not negligent infliction of emotional distress cases. I don't think that's on appeal in front of us. I think only the negligence case is in front of us. Your Honor, I am not aware of any cases that talk about what type of emotional injuries one can prove for ordinary negligence that are not a negligent infliction of emotional distress claim. I'm only aware of physical injury cases. Counsel, is it your position that aggravation of post-traumatic stress disorder, that aggravation of claustrophobia, that aggravation of depression, and that aggravation of the reflex injuries are emotional damages? Maybe that's your position. If it is, clarify that. Those, to me, did not seem like emotional distress, whether it's severe or not claims, but maybe that's your position. Yes, Your Honor. If you look, depression, post-traumatic stress disorder, things of that nature are recognized and those are recognizable medical mental conditions that are diagnosed by professionals. Those would fall within the definition of severe emotional distress. Aggravation of those claims would necessarily have to be a negligent infliction of emotional distress claim. To do so, that's where the cases are a little more nuanced. You don't necessarily need medical documentation. A person could come in and say, you know, I was depressed. People can describe conditions of depression, but what the courts in North Carolina have said that you need something more than just the plaintiff's own testimony because it's very subjective. The Kauffman case said... Excuse me, I have a question and maybe this is what you're getting ready to answer. What North Carolina case law requires expert testimony to present injury under a common law negligence claim? For physical injuries, there are some that are open and obvious. A broken bone. A person can testify that they got a broken bone, but like you said, there are certain... Expert testimony wouldn't be required for that. Yes, ma'am. I agree with that statement, but there would be certain conditions, like you said, a herniated disc where it may require expert testimony. It just depends on the injury that the person is claiming. Whether it's something that would be ordinary and recognized by your average lay person or something that would require... What case law supports that requirement for expert testimony in an ordinary negligence claim? What's your best case? I don't know that off the top of my head because that was not an issue that we raised in our brief, but I've heard the questions about it. I agree with that as the general proposition of North Carolina law. The reason you've heard the questions about it is because I don't want to speak for all the judges on the panel, but at least for me, that's what I read as an issue in this case. That the district court faulted the appellant for not having expert testimony in connection with the ordinary negligence claim. The district court talked, in my recollection, more about the claims for the negligent infliction of emotional distress. And then, under negligence, it said that it granted summary judgment for the reasons stated in its discussion of plaintiff's negligent infliction of emotional distress claims. Well, counsel, that's correct. We're trying to figure out a little bit about what the court meant by that. In the preceding two pages, it looks like three issues are raised. One is whether the plaintiff's testimony is enough without an expert. One is an issue that is related to a negligent infliction of emotional distress claim. And the third is whether the responses are sufficient. It looks to me like the first and third of those don't depend on whether it's negligent infliction of emotional distress or not. Maybe the second one does. But the first and third would seem to apply to a negligence claim. And while she didn't elaborate extensively, I think a fair reading of that is she's saying that you need more than expert testimony. And that's what we're trying to figure out, is why do you need more expert testimony? Is it because the injuries here are emotional, which I didn't think was the point, but that sounds like your point, or is it because the injuries here are such that a layperson might not reasonably be able to associate them with the incident? And I think you've explained, I guess, the first question. The second question is the one I'd still like your answer on, please. Yes, Your Honor. Of the injuries claimed, the only one that I have seen any evidence, and the evidence would be the plaintiff's own testimony, was an aggravation of the acid reflux or the GERD. All of the other claimed injuries fall within the emotional category, some type of mental or emotional injury. For GERD, I would contend that that is something that would require expert testimony. It's beyond the knowledge of an average layperson as to whether a specific incident would have aggravated a pre-existing condition. It's not open. It's obvious that something happened inside the person's body. There are tests that have to be done to diagnose it. We would need expert testimony to support the claim that it was, in fact, aggravated by this incident of being stuck in an elevator for 20 minutes. 32 minutes. 20 to 30 minutes, depending on which testimony. But you're right, there is some evidence. Okay, go ahead. Judge, did I address your question? Yeah, thank you. Let me follow up, though. From, again, my review of the cases, it looks like there's this issue of how apparent it is to a layperson. The cases also seem to talk about whether there's some immediate effect, some immediate indication of the injury. And the plaintiff says that being stuck in the elevator, at least in the light most favorable to the plaintiff for 30 minutes, suffering a panic episode, appearing as if he looked like a ghost when he left the elevator. Is that type of immediate effect, which is combined with the increased therapy and the increased medication? What's your response to that? Your Honor, I would agree that those are things that people could testify that they saw as immediate responses. But the anxiety, the post-traumatic stress disorder, things of that nature, all fall within severe emotional distress definition. And that's when you get into the line that we cited, where you have to have more than just the plaintiff's testimony from him or herself. That is some evidence of it, but the cases that have allowed emotional distress claims to go forward don't necessarily require expert testimony, but they would need testimony from friends, pastors, family members, people other than the plaintiff who can corroborate the plaintiff's claims. It was the Williams v. Home equity case that said the plaintiff's uncooperated evidence is insufficient to allow it to go to the jury. So, it needs to be the plaintiff's testimony plus something else. It's insufficient to allow what to go to a jury? That was the negligent infliction of emotional distress claim. Right. We're talking about ordinary negligence, I thought. I thought this appeal was about the common law negligence claim, not about the need claim. Yes. I was addressing Judge Quattlebaum's question about the things that somebody, it was reported they saw immediately afterwards. The panic attack, looking like a ghost, things like that. Those would all be mental claims. There was no evidence in the record of any immediate physical injury to the plaintiff. One point I would like to raise is since this is a de novo review, the court can, of course, look at any issue that could have been grounds for summary judgment, whether or not it was in the district court's decision. We did have in our brief an extensive discussion of the North Carolina law. I have a question. Your time is winding down. The district court found that indicated that his conditions or the need for treatment were caused by the subject incident. That's what the district court found at JA 549 to 551. But what about the appellant's testimony that several medical professionals, including his psychologist and psychiatrist, told him that the incident, quote, impacted the treatment that he'd been receiving for PTSD? Those two things don't seem to square, do they? Your Honor, I'm looking at my notes. I had put something in my notes about that. There was in the record, in the plaintiff's deposition, I had asked him which doctor said which condition was exacerbated by that. The plaintiff could not tell me which doctor had given which diagnosis or which treatment of that nature. I apologize. I cannot find my notes on that, but that was the plaintiff's testimony on that issue. He could not even corroborate which physician was treating him for which specific condition or had given him any opinions on causation. Your red light is on. Unless the other judges have any further questions, you can go ahead and wrap up, Mr. Pollitt. My time is up. I believe I've addressed all the issues before the court. Thank you very much for letting us appear before you in this manner. Thank you. All right, Mr. Bryant, you have some time in rebuttal. Yes, ma'am. Just a couple things. In the brief on appeal, the defendant did not address, the appellant did not address, the appellee, excuse me, did not address any of the things that they were just talking about with regards to certain case law. I would submit to you that a lot of the information you just heard about North Carolina law was incorrect, and I would have loved the opportunity for them to have presented those arguments, and then I could have addressed them. Well, that makes me feel better, because I didn't recall any of that either. Okay, all right. Then the other thing is that in the light most, when I hear the opposing counsel argue, he's arguing that the evidence should be considered in the light most favorable to the defendants, but when you look at the testimony of Mr. Taylor, he clearly said, look, I'm a veteran. I go to a veteran clinic. I went that Friday when I got back, and the first thing that happened is they told me that my condition had been made worse because of that. He told them the names of the different people he saw. He told them the names of the people that had started the new medication. So, I mean, that's in the evidence. So, in summary judgment, that's the type of thing that has to be taken as true, not just disregarded, and I've cited some of this testimony in my brief. It appears that Mr. Taylor's definition at day 8, 206, and then 207 and 208, that testimony appears where he's talking about the different doctors that treated him, and also I think the record shows that we send the location, place, and counsel. I have a question. Yes, ma'am. So, what case law support, I don't know. I'm hearing feedback for some reason. All right. Anyway, what case law support is there that a plaintiff's sworn testimony standing alone is competent evidence of emotional effects of a negligent act without resorting to? I'm going to take this off. I'm hearing feedback. Can you ask that question again? I apologize. Yes. What case law support is there that the plaintiff's sworn testimony standing alone without expert testimony is competent evidence as to the emotional effects of a negligent act, ordinary negligence? Okay. Thank you. That's interesting, Your Honor, because I cited some case law. Can you hear me okay? Yes. I cited some case law that talked about the negligent infliction of emotional stress, and even if you're doing a negligent infliction of emotional distress that requires a higher level, it says that there are certainly situations in which the testimony of the client himself, the testimony of the plaintiff himself, the testimony of his neighbors, all that testimony could satisfy. And so, I will submit to you that all the case law that's related to needing additional evidence is based on negligent infliction and intentional infliction, which in North Carolina requires a showing of severe emotional distress. We're not trying to do that. We're just trying to show common-law negligence, and in a common-law negligence claim, you can recover for whatever injury. I mean, there's nothing in North Carolina that says, well, a broken mind is different than a broken leg under common-law negligence. Both of them are compensable. And so, I don't know if I am so understood in North Carolina that the only heightened level comes when you have the additional intentional infliction of claims. There's no heightened level. There's no case law on the common-law negligence because it's readily done. I mean, it's just an element of damages, mental anguish. And that's all I can say. Are there any other questions for me? I don't have other questions, Judge Rushing or Judge Quattrobo. I don't have any either. Thank you. Thank you for your time. All right. Thank you, counsel.
judges: Stephanie D. Thacker, A. Marvin Quattlebaum Jr., Allison J. Rushing